UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY TONEY,<br><br>              Plaintiff,<br><br>    v.<br><br>THE CLOROX COMPANY,<br><br>              Defendant. | CASE NO. C22-5730 BHS<br><br>ORDER |

This matter is before the Court on the Clorox Company's motion for a protective order. Dkt. 22.

Plaintiff Jeffrey Toney, a white male over the age of 40, alleges that, in 2021, Clorox unlawfully terminated his employment as a salesperson based on his race, sex, and age in violation of Washington's Law Against Discrimination, chapter 49.60 RCW. Dkt. 1-1, ¶¶ 3.10, 3.13–3.14, 3.23, 4.1–4.6. Toney asserts that, when he asked a superior "why he was being terminated, [the superior] would only say that his termination was based on 'broad considerations.'" *Id.* ¶ 3.14. He claims that his termination was actually "the result of a re-organization that disparately affected older male white employees." *Id.* ¶ 3.22. He claims that, upon his termination, "all of the employment positions in [his]

ORDER - 1

department were held by females" and that "[t]he last three hires [Clorox] made in [his] department . . . were female employees who were under the age of 40 at the time of hire." *Id.* ¶¶ 3.20–3.21.

Toney has noticed the deposition of Clorox's chief executive officer, Linda Rendle. Clorox moves for a protective order prohibiting Toney from conducting this deposition. Dkt. 22. Toney seeks to depose Rendle because of the following statements that she made in 2023, during a conference among executives of other companies:

> On a more serious note, it's great to see the diversity improving in this room, but I have to make a note that the diversity on this stage is not where it needs to be. There are 5 women out of 69 and not enough people of color and other forms of diversity. So I'm hoping each one of us can take note of that. And I know the CEOs on the stage take it very seriously, but we have to improve.
> And I'm so glad again that we're seeing the room improve, but we need more diversity up on the stage in leading companies. And I'm proud to be representing a company as a woman where most of our consumers are women, but we need all more forms of diversity.

Dkt. 22-5 at 3.

Clorox contends that Rendle's "comments in support of increasing diversity at the highest ranks of corporate America have absolutely no probative value to Plaintiff's claims." Dkt. 22 at 3. It asserts that these "comments were specifically directed at the need to increase diversity among executive leaders, not lower-level employees like Plaintiff" and that the comments "concerned companies generally, not any of Clorox's policies or actions." *Id.* Clorox further asserts that Rendle made these comments "at a conference over a year-and-a-half after Plaintiff's termination," *id.* at 1, and that Toney "cannot show a connection between such comments and his discharge." *Id.* at 3. To the

ORDER - 2

contrary, Clorox contends, "Ms. Rendle simply has no knowledge of the circumstances of Plaintiff's discharge." *Id.*

Toney responds that a deposition of Rendle is appropriate because "she made a public statement that appears to support [his] claim that his sales group, and ultimately, his job were altered to be all female as a result of the 'broad consideration' of inclusion and diversity." Dkt. 23 at 5. He argues that, "[a]s a female CEO who is publicly announcing, on behalf of the company, that there should be more female CEO's [sic], she should be able to address this matter, and she is unique in her position to do so, since she is the one who made the statement." *Id.* at 8.

Federal district courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may, among other things, "forbid[] the disclosure or discovery" sought and "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

Generally, "'[a] strong showing is required before a party will be denied entirely the right to take a deposition.'" *Robinett v. Opus Bank*, No. C12-1755MJP, 2013 WL 5850873, at *5 (W.D. Wash. Oct. 30, 2013) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). However, "'[v]irtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment.'" *Robinett*, No. C12-1755MJP, 2013 WL 5850873, at *5 (quoting *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374MMC(JL), 2007 WL 205067, at *3

(N.D. Cal. Jan. 25, 2007)). When a party seeks such a deposition, "the court can limit the discovery after considering '(1) whether the deponent has unique firsthand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.'" *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB JSC, 2012 WL 3939320, at *1 (N.D. Cal. Aug. 24, 2012) (quoting *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)).

Toney fails to establish that a deposition of Rendle is appropriate in this case. Most importantly, he does not demonstrate *any* likelihood that Rendle has unique firsthand knowledge of the specific circumstances surrounding his termination. He also fails to establish that he has exhausted other less intrusive discovery methods to obtain the sort of information that he seeks. Toney further fails to show any causal relationship between Rendle's statements and his termination. Indeed, Rendle made these statements nearly one-and-a-half years *after* Clorox terminated Toney's employment. *See* Dkt. 1, ¶ 3.13 (stating that Clorox terminated Toney's employment effective September 1, 2021); Dkt. 22-5 at 3 (stating that Rendle made the statements at issue on February 23, 2023). In any event, these statements concern diversity among corporate executives generally; they do not concern any diversity, equity, and inclusion initiative applicable to Clorox employees specifically.

Therefore, Clorox's motion for a protective order, Dkt. 22, is **GRANTED**.

**IT IS SO ORDERED**.

//

Dated this 12th day of January, 2024.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge