UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY TONEY, <br><br>                    Plaintiff, <br><br>          v. <br><br> THE CLOROX COMPANY, <br><br>                    Defendant. | CASE NO. C22-5730 BHS <br><br> ORDER |

This matter is before the Court on Jeffrey Toney's Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. Dkt. 62. Because Toney fails to establish an entitlement to relief, the motion is denied.

Most of the facts relevant to this motion are set forth in the Court's prior order need not be repeated in full here. *See* Dkt. 55. In that order, the Court granted the Clorox Company's motion for summary judgment and dismissed with prejudice Toney's claim that Clorox discharged him because of his sex, age, or race in violation of the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW. *Id.* at 20. Pursuant to that order, a judgment was entered dismissing the case with prejudice.

ORDER - 1

Toney moves to alter or amend the judgment under Fed. R. Civ. P. 59(e). He asserts four arguments: (1) that a new opinion from the Washington State Court of Appeals, *Litvack v. Univ. of Washington*, No. 84592-6-I, 2024 WL 1715127 (Wash. Ct. App. Apr. 22, 2024), "counsels in favor of reversing this Court's summary judgment"; (2) that the Court committed a manifest error of law by failing to apply WLAD's "substantial factor" test; (3) that the Court also "overlooked other principles of anti-discrimination law"; and (4) that new evidence raises a fact issue as to whether Clorox discharged Toney because of his sex, age, or race. Dkt. 62 at 1–2.

Clorox responds that Toney's motion is "nothing more than a baseless" motion for reconsideration in which he "improperly seek[s] to rehash the same unsuccessful arguments." Dkt. 66 at 1. Clorox contends that the *Litvack* opinion does not pronounce an intervening change in controlling law. *Id.* at 1–2. Clorox further asserts that the Court properly applied WLAD to this case and the "new evidence" on which Toney relies "is entirely consistent with evidence previously available to [Toney] and is not probative of discrimination." *Id.* at 2.

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A district court may grant a Rule 59(e) motion under four circumstances: "1) the motion is 'necessary to correct *manifest errors of law or fact upon which the judgment is based;*' 2) the moving party presents 'newly discovered or previously

unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law.'" *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)).

Toney's motion effectively amounts to a motion for reconsideration, which, under this District's local rules, are disfavored. Local Rules, W.D. Wash., LCR 7(h)(1). Such motions will ordinarily be denied absent a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. *Id.* The term "manifest error" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Toney's reliance on the Washington Court of Appeals' opinion in *Litvack* is unavailing. That decision does not amount to an intervening change in controlling law. To the contrary, Toney relies on this opinion only insofar as it quotes long-standing Washington Supreme Court precedent. Toney asserts that "an employee may create a genuine issue for trial by offering 'specific facts' that rebut an employer's claim about its legitimate business reason for an adverse action" and, in doing so, the employee "'may rely on circumstantial, indirect, and inferential evidence and need not disprove each of [the employer's] reasons.'" Dkt. 62 at 3 (quoting *Litvack*, 2024 WL 1715127 at *14. Notably, *Litvack* quotes a 2017 Washington Supreme Court opinion for this principle: "'Plaintiffs may rely on circumstantial, indirect, and inferential evidence to establish discriminatory action.'" *Litvack*, 2024 WL 1715127, at *9 (quoting *Mikkelsen v. Pub.*

*Util. Dist. No. 1 of Kittitas Cnty.*, 189 Wn.2d 516, 526 (2017)). *Mikkelsen*, in turn, cites a 2001 opinion, which explained that the Washington Supreme Court has "*repeatedly* emphasized that plaintiffs may rely on circumstantial, indirect, and inferential evidence to establish discriminatory action." 189 Wn.2d at 526 (emphasis added) (citing *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 180 (2001)). Therefore, in this respect, *Litvack* does not say anything new.

Even so, Toney asserts that "[t]he Court seemed to think that Toney could not question Clorox's proffered reasons" and that "he came forward with enough specific facts to support an inference that one or more of its reasons were entirely pretextual or at least stood besides illegitimate reasons." Dkt. 62 at 3. However, the Court already considered and rejected this argument, and it will not repeat itself here. *See* Dkt. 55 at 14–20; *Oceana, Inc. v. Evans*, 389 F. Supp. 2d 4, 8 (D.D.C. 2005) ("Rule 59 was not intended to allow a second bite at the apple.").

Toney also relies on *Litvack* insofar as that opinion "*reiterated* that an employee may create a genuine issue of material fact by showing that a jury may infer that the employer's proffered reasons rest on impermissible stereotypes." Dkt. 62 at 3–4 (emphasis added). Obviously, by reiterating a legal principle, *Litvack* did not announce an "'intervening change in controlling law.'" *Turner*, 338 F.3d at 1063 (quoting *McDowell*, 197 F.3d at 1254 n.1). In any event, Toney attempts to advance an argument that he could have, but failed, to raise in response to Clorox's motion for summary judgment. The argument is accordingly waived. *See Carroll*, 342 F.3d at 945 ("A Rule

59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Toney next contends that the Court committed a manifest error by "overlook[ing] two critical features of anti-discrimination law." Dkt. 62 at 4. He asserts that the Court failed to recognize that, to satisfy the pretext prong, he need not establish that "'the defendant's reason is pretextual'" and, instead, may show that, "'although the employer's stated reason is legitimate, discrimination nevertheless was a substantial factor motivating the employer.'" *Id.* (quoting *Scrivener v. Clark College*., 181 Wn.2d 439, 448, 334 P.3d 541 (2014)).

As Toney acknowledges, "[t]he Court recognized the 'substantial factor' test in the summary-judgment order." *Id.* (citing Dkt. 55 at 13, 15). Indeed, the Court stated that "Toney may satisfy the pretext prong by offering sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is pretextual or (2) that although the employer's stated reason is legitimate, discrimination nevertheless was a substantial factor motivating the employer. Dkt. 55 at 13 (internal quotation marks omitted) (quoting *Mikkelsen*, 189 Wn.2d at 527). The Court also expressly considered and rejected Toney's argument that Clorox's diversity policies establish a fact issue as to whether his sex, age, or race was a substantial factor motivating Clorox's decision to discharge him. Dkt. 55 at 18–19.

Toney nevertheless contends that "the Court still appeared to apply a 'but for,' sole-factor-type test" and "did not consider whether, even if Clorox truly believed in the criticisms it offered, that Clorox nonetheless viewed this purported restructuring as an

opportunity to promote someone else because they were either younger, a woman, or non-white." Dkt. 62 at 5. Toney then poses numerous hypothetical questions to support a "substantial factor" argument:

> Put another way, based on all the circumstances, viewed in the light most favorable to Toney, a reasonable jury could infer that a significant motivating favor [sic] in Clorox's decision was Toney's age, gender, or race. If he had been a 39-year-old white woman, would Clorox have pushed him aside in favor of Blischok or instead would it have sought to coach up and support him despite his purported shortcomings? What about if he was a 45-year-old Hispanic male? Or a 61-year-old black woman? What about if Blischok were instead a 62-year-old white male named Bob Jones— would Clorox have fired Toney to promote an employee who was just as white and male and roughly the same age but lacking the same track record of results that Toney had achieved?

Dkt. 62 at 5.

Critically, Toney fails to cite *any* evidence that suggests a non-speculative answer to any of these questions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). The Court's order acknowledged this, stating: "On this record, a reasonable jury would be forced to speculate as to whether Clorox discharged Toney because of his sex, age, or race" and "'[s]peculation and belief are insufficient to create a fact issue as to pretext. Nor can pretext be established by mere conclusory statements of a plaintiff who feels that he has been discriminated against.'" Dkt. 55 at 20 (internal quotation marks omitted) (quoting *Hines v. Todd Pac. Shipyards Corp.*, 127 Wn. App. 356, 372 (2005)). Toney fails to identify a manifest error in the Court's ruling.

Toney also asserts that "newly acquired evidence . . . shows that Clorox was operating from a directive from its CEO on down to its senior leaders such as [Gina]

Kelly to hire based on gender." Dkt. 62 at 6 (citing Dkt. 63, ¶¶ 3–4). Toney cites to a YouTube video of a February 2024 interview between Clorox's CEO, Linda Rendle, and the Dean of Duke University's business school. Dkt. 63, ¶ 3. Toney asserts that, during this video, Rendle "expresses a goal of 50/50 'gender parity everywhere'" and "goes on to say that 'we need people . . . in senior leadership positions to reach down into organizations and ensure that people of color and women are getting opportunities and we're eliminating bias in the decision making in that process and that takes conscious effort and it takes everybody being on the same page.'" *Id.*

Toney fails to demonstrate that this evidence is "new." The interview occurred in February 2024 and, according to Toney, the video was "published on March 13, 2024." Dkt. 63, ¶ 3. The Court entered its order dismissing this case after that date on March 26, 2024.[1] Dkt. 55. In any event, this video does not raise a genuine issue of material fact as to whether Clorox discharged Toney because of his sex, age, or race. This interview occurred nearly three years *after* Clorox discharged Toney in July 2021. Toney also fails to cite any evidence linking Rendle's statements during this interview to the specific decision made by Toney's superiors to discharge him. Rather, the statement itself

---

[1] Toney's declaration states that the video was "published on March 13, 2024, available at https://www.youtube.com/watch?v=e_HRaImtgNg as of April 23, 2024." Dkt. 63, ¶ 3. There is no indication on this webpage that the video was "available" only as of April 23, 2024. To the contrary, the webpage states that this video was published on March 13, 2024. Furthermore, numerous comments under this video were posted "2 months ago," as of the date of this order. This suggests the video was available before the judgment was entered on March 26, 2024. As the movant under Rule 59(e), Toney bears the burden of proving that the evidence is "new." *See Will v. Thaler*, No. 7-CV-1000, 2012 WL 135590, at *3 (S.D. Tex. Jan. 17, 2012) ("The movant bears the burden of showing that his evidence is truly new; that is, that the evidence could not have been raised prior to the entry of judgment."). Toney fails to satisfy that burden.

concerns organizations generally, not the 2021 reorganization of Clorox's leading-edge retailer teams.[2] *See Scrivener*, 181 Wn.2d at 449 n.2 (stating that "a diversity policy alone does not establish discrimination" and "[t]here must be some nexus between the policy and the specific employment action"). This evidence does not raise a reasonable inference of discrimination.

Courts should not allow employment discrimination plaintiffs to comb the corporate records for executive statements that diversity in its employment force is a corporate value and seize upon such general statements as evidence of employment discrimination to defeat dispositive motions. To do so would either preclude the ability of many employers from obtaining dismissal of cases that lack evidence of specific acts of discrimination or pretext or have the effect of chilling the adoption of legitimate corporate policy that embraces diversity in the workplace. Such a result would be entirely inconsistent with the very purpose of the legislation under which Toney brings his claim. *See Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (an employer's "efforts to eradicate discrimination . . . in its workplace were entirely consistent with the goals and objective of our civil rights statutes generally").[3]

---

[2] Toney asserts in his reply that "Clorox points to no declaration from the CEO disclaiming personal knowledge about Toney's hiring [sic] or about the relevant policies, goals, and directives that governed this employment decision." Dkt. 67 at 3. But Clorox does not bear the burden of proof. Toney does. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] "Even though almost all of the WLAD's prohibitions predate Title VII's, the ADA's, and the ADEA's, Washington courts still look to federal case law interpreting those statutes to guide our interpretation of the WLAD." *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 491 (2014).

1     Toney finally contends that, after the judgment was entered, he "found a job description for the Customer Team Leader position at Clorox posted on the company's LinkedIn page." Dkt. 62 (citing Dkt. 63 at 6–9). Toney fails to satisfy his burden of demonstrating that this evidence is "new." *See Will*, No. 7-CV-1000, 2012 WL 135590, at *3. In any event, as Clorox asserts, "there is no indication that the posting pertains to Customer Team Leader positions on Leading Edge Retailer teams such as Costco" and "[t]he posting is not inconsistent with" the testimony of Liz Dicks "describing the ways in which the position actually changed following the Reorganization." Dkt. 62 at 7. Moreover, as stated in the Court's order, "Toney presents no evidence indicating that Clorox did not honestly intend for the responsibilities of customer team leaders to change following the reorganization, regardless of whether they actually did." Dkt. 55 at 15; *see Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000) ("The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered."). Toney's reliance on this evidence is unpersuasive.

    Therefore, it is hereby **ORDERED** that Toney's Rule 59(e) motion to alter or amend the judgment, Dkt. 62, is **DENIED**.

    Dated this 23rd day of May, 2024.

                                     BENJAMIN H. SETTLE
                                     United States District Judge