**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY TONEY,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>THE CLOROX COMPANY,<br><br>    Defendant - Appellee. | No. 24-2567<br><br>D.C. No.<br>3:22-cv-05730-BHS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 4, 2025
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District

Judge.**

Plaintiff-Appellant Jeffrey Toney, a white male, appeals the district court's

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

grant of The Clorox Company's summary judgment motion dismissing his claims of age, gender, and racial discrimination under the Washington Law Against Discrimination, Revised Code of Washington § 49.60.180. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir. 1998) (citations omitted). We reverse the grant of summary judgment as to Toney's gender discrimination claim and affirm the district court's grant of summary judgment as to Toney's age and race claims.

1. In this employment discrimination case, we address the plaintiff's burden to raise a triable issue of fact as to pretext under the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973) as adopted by Washington courts. *Scrivener v. Clark Coll.*, 334 P.3d 541, 546 (Wash. 2014) (en banc).

Once the defendant has proffered a reason for the termination, a plaintiff may establish pretext "indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable[.]" *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000) (citing *Godwin*, 150 F.3d at 1220–22). Pretext may also be established by showing "that although the employer's stated reason is legitimate, discrimination nevertheless was a substantial factor motivating the employer." *Scrivener*, 334 P.3d

at 544 (citing *McDonnell Douglas Corp.*, 411 U.S. at 792).

Clorox offered the reorganization of its sales staff and concerns about Toney's employment competencies as non-discriminatory reasons for his termination. Specifically, Clorox stated that Toney had issues with strategic leadership, and that he could be difficult to work with. Toney offered evidence that Clorox's reasons for terminating him were internally inconsistent, including positive annual performance evaluations, and minimal pretermination evidence of Clorox's concerns about Toney's performance. A reasonable jury could conclude that Clorox's reasons for firing Toney were internally inconsistent. In addition, the company's IGNITE Strategy, which was in effect at around the time of his termination is circumstantial evidence that Clorox had a goal to increase the number of women managers at the company in order to achieve its gender "representation targets." The evidence is sufficiently "specific and substantial" to defeat Clorox's motion for summary judgment, as it raises material questions of fact concerning Clorox's reasons for firing him. *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).

We conclude that the evidence Toney has offered cumulatively presents genuine issues of material fact as to whether Toney's termination constituted wrongful termination on the basis of gender. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003).

2. We affirm, however, the district court's grant of summary judgment as to

Toney's race and age discrimination claims. Toney has not presented evidence on these claims that would create a genuine dispute of material fact sufficient to demonstrate pretext. Toney offers no evidence of racial discrimination. As to Toney's age claims, the record reflects that Clorox VP Gina Kelly's comments referencing the future were simply part of a list of criteria considered when the employees were evaluated for the new positions. Those comments are not enough to allow a reasonable jury to conclude that Kelly's statements demonstrate pretext or that Toney's age was a substantial motivating factor in the company's decision to terminate Toney.

We affirm the district court's grant of summary judgment on Toney's race and age discrimination claims, reverse the grant of summary judgment on Toney's gender discrimination claim and remand to the district court for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**